IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| **TABITHA J. FAYSON,** | ) | Case No. 16-10013 (BLS) |
| | ) | |
| Debtor. | ) | **Re Docket Nos.: 23, 28, 32** |
| _____ | ) | |

Vivian A. Houghton, Esquire
Law Office of Vivian A. Houghton, Inc.
800 West Street, 1st Floor
Wilmington, DE 19801

Counsel to Debtor

Eric M. Andersen, Esquire
Andersen Sleater, LLC
3513 Concord Pike, Ste. 3300
Wilmington, DE 19803

Counsel to EMA2 Investments, LLC

## **OPINION**[1]

Ms. Tabitha Fayson bought a used Mercedes on credit and subsequently filed a petition under Chapter 13. The Court confirmed Ms. Fayson's Chapter 13 plan that allowed her to keep the Mercedes in exchange for paying the full debt. Ms. Fayson, frustrated with mechanical issues and an allegedly undelivered warranty, now seeks to surrender the Mercedes to her secured creditor and to treat any deficiency as an unsecured claim. This presents a novel question in this District: may a debtor modify, under § 1329, a confirmed Chapter 13 plan that originally sought to retain a motor vehicle as collateral securing a "910 Claim"[2] to surrender the motor vehicle and reclassify the claim as unsecured?

For the reasons stated below, this Court joins with the majority of courts that have considered this issue: a Chapter 13 plan modification that proposes surrendering collateral securing a 910 Claim and treating any deficiency as an unsecured claim, is permissible under § 1329 of the Bankruptcy Code. However, any proposed modification under § 1329 must be made in good faith pursuant to § 1325(a)(3).

---

[1] This opinion constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure § 7052.
[2] As discussed more fully below, a "910 Claim" is the colloquial term for a claim secured by a motor vehicle purchased by a debtor within 2-1/2 years (910 days) of the petition date. If the debtor chooses to retain the vehicle, a 910 Claim must be treated as fully secured and paid in full under a Chapter 13 plan.

**BACKGROUND**

Tabitha Fayson ("Ms. Fayson" or the "Debtor") bought a 2006 Mercedes R500 (the "Vehicle") on February 28, 2014. Two years later Ms. Fayson filed a voluntary petition under Chapter 13. Debtor listed EMA2 Investments, LLC ("EMA2" or the "Creditor") as having a secured claim in the amount of $6,650 for the Vehicle. [Docket No.1]. Debtor's plan proposed to retain the Vehicle and pay the amount remaining under applicable non-bankruptcy law. [Docket No. 17]. Creditor did not object to Debtor's plan and, after notice and hearing, Debtor's Chapter 13 plan was confirmed on February 25, 2016. [Docket No. 19]. The record reflects that Ms. Fayson subsequently experienced maintenance problems with the Vehicle. Ultimately, six months into the confirmed plan, she returned the Vehicle to Creditor. Ms. Fayson filed a Motion to Modify Confirmed Chapter 13 Plan ("Modification") seeking to surrender the Vehicle and to convert any deficiency claim into an unsecured claim. [Docket No. 23]. Creditor objected to Debtor's Modification on two grounds: first, that § 1329 does not allow a Debtor to modify a confirmed Chapter 13 plan (which originally retained a motor vehicle securing a 910 Claim) to surrender the vehicle and reclassify the deficiency as an unsecured claim; and second, that even if § 1329 did allow for such a modification, Debtor's modification cannot be confirmed because Debtor submitted the modification in bad faith. [Docket No. 28]. Debtor responds that her proposed modification is permissible, and that she is proceeding in good faith consistent with the requirements of § 1325(a)(3).

**JURISDICTION AND VENUE**

The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334 and 157(b)(1). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of the Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) and (O).

**DISCUSSION**[3]

EMA2 argues that § 1329 does not permit for the modification of a confirmed Chapter 13 plan to surrender a vehicle and reclassify a 910 Claim. EMA2 relies on *In re Nolan*. 232 F.3d 528 (6th Cir. 2000). This Court joins the majority of courts and declines to follow *Nolan*'s holding. *See, e.g.*, *In re Scarver*, 555 B.R. 822, (Bankr. M.D. Ala., 2016), *In re Jones*; 538 B.R. 844 (Bankr. W.D. Okla. 2015); *In re Anderson*, 545 B.R. 174 (Bankr. N.D. Miss. 2015); *In re Hutchinson*, 449 B.R. 403 (Bankr. W.D. Mo. 2011); *In re Brown*, 463 B.R. 134 (Bankr. S.D. Ind. 2011); *In re Boykin*, 428 B.R. 662 (Bankr. D. S.C. 2009); *In re Mellors*, 372 B.R. 763 (Bankr. W.D. Pa. 2007); *In re Jefferson*, 345 B.R. 577 (Bankr. N.D. Miss. 2006); *In re Hernandez*, 282 B.R. 200 (Bankr. S.D. Tex. 2002); *In re Townley*, 256 B.R. 697 (Bankr. D. N.J. 2000).

Before reaching the specific issue in this case, it is important to understand a debtor's options regarding the treatment of secured claims prior to plan confirmation. "The general rule under 11 U.S.C. § 506(a) is that a claim is secured only to the extent of the value of the property on which the lien is fixed; the remainder of that lien is considered unsecured." *Scarver*, 555 B.R. at 826 (citing *U.S. v. Ron Pair Enters., Inc.*, 489 U.S. 235 (1989)). "Chapter 13 debtors enjoy broad power to modify the rights of the holders of secured claims." *American Gen. Fin., Inc. v. Paschen (In re Paschen)*, 296 F.3d 1203, 1205 (11th Cir. 2002). A Chapter 13 debtor who wishes to keep collateral securing a claim may do so over the claimant's objection by paying the claimant the replacement value of the collateral, a process known as a "cramdown." 11 U.S.C. § 1325(a)(5)(B). If the collateral's value is less than the amount of the debt, a debtor exercising a cramdown may bifurcate the claim into secured and unsecured portions under § 506(a) and is required to pay only the secured amount. *Paschen*, 296 F.3d at 1206.

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") changed things at it relates to claims secured by automobiles. *See* Bankruptcy Abuse Prevention and Consumer

---

[3] Consistent with the request of the parties, the Court today addresses only the threshold legal issue of whether a plan modification may be made under the circumstances here. Having answered that question in the affirmative, a further evidentiary hearing is necessary to determine whether the Debtor is proceeding in good faith.

Protection Act of 2005, Pub.L. No. 109-8, 199 Stat. 23 § 318 (April 20, 2005).  Prior to 2005, a Chapter 13 debtor could cram down a car lender by bifurcating the claim, with the secured claim reduced to the replacement value of the car.  David Gray Carlson, *Cars and Homes in Chapter 13 After the 2005 Amendments to the Bankruptcy Code*, 14 AM. BANKR. INST. L. REV. 301, 340 (2006) (hereinafter "*Cars and Homes*").  "To aid the car lenders, BAPCPA amended the cram down provision in Chapter 13 in a most peculiar way."  *Id*.  According to the new last sentence in section 1325(a):

> For purposes of paragraph (5), section 506 does not apply to a claim described in that prargraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day period preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle … acquired for the personal use of the debtor…

11 U.S.C. § 1325(a).  The impact of the amendment on the car lender and debtor relationship is described below:

> Prior to 2005, car lenders fared worse.  First and foremost, the car lender was typically "under water" – that is, the loan exceeded the value of the collateral.  For instance, the car might be worth $20,000, but the principal amount of the loan might be, say, $30,000.  In prior times, the secured claim of the car lender could be "bifurcated" – split into its perfectly secured and perfectly unsecured portions. …
> In 2005, Congress enacted the [BAPCPA], which thoroughly amends the Bankruptcy Code, as it pertains to individuals filing for bankruptcy.  These amendments substantially benefit purchase money secured parties claiming personal property as collateral – that is to say, car lenders.

*Cars and Homes*, *supra*, at 340.  The bottom line with the BAPCPA amendment to § 1325(a) is that a debtor who has purchased a car within 2 1/2 years of the petition date cannot take advantage of the bifurcation option otherwise available under § 506(a).  Ms. Fayson bought her car just 24 months before the petition date, so her car loan fell squarely within the protections of § 1325(a).  Subject to the hanging paragraph and therefore unable to cramdown EMA2, Ms. Fayson elected to keep the Mercedes in her Chapter 13 plan.  As noted above, after maintenance problems and a dispute regarding an undelivered warranty, Ms. Fayson moved to modify her confirmed Chapter 13 plan to surrender the Mercedes and treat any deficiency as an unsecured claim.  The question before this Court is whether such a modification is permissible under the Code.

*A. Post-Confirmation Plan Modification*

At any time after a Chapter 13 plan is confirmed, but before plan payments are completed, the debtor, trustee, or any unsecured creditor may seek to modify the plan. 11 U.S.C. § 1329(a). Post-confirmation plan modification entails three basic requirements. *Id.* First, the modification must comply with one of the provisions of § 1329(a), which, as relevant here, requires the modifying plan to either:

(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;
(2) extend or reduce the time for such payments; [or]
(3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan[.]

11 U.S.C. § 1329(a). Second, the modification must comply with the requirements for plan confirmation set out in 11 U.S.C. §§ 1322(a) and 1325(a), and may treat claims as permitted by 11 U.S.C. §§ 1322(b)(2) and 1323(c). 11 U.S.C. § 1329(b)(1). Third, the modification cannot extend the payment period beyond five years after the first plan payment was due, and cannot extend the original commitment period of the debtor's disposable income except for cause. 11 U.S.C. § 1329(c). "The plan as modified becomes the plan unless, after notice and a hearing, such modification is disapproved." 11 U.S.C. § 1329(b)(2).

The following considerations inform the Court's analysis. First, courts typically agree that "§ 1329(a)(1) does not prohibit anything," it permits certain types of modifications. *In re Scarver*, 555 B.R. at 834. Section 1329(a)(3) contemplates modifications that "alter the amount of the distribution" to a creditor treated under the plan to "take account of any **payment**" outside the plan (emphasis added). 11 U.S.C. § 1329(a)(3). Surrender of collateral is a form of payment under the Code. *Bank One, N.A. v. Leuellen*, 322 B.R. 648, 654 (S.D. Ind. 2005). Section 1322(b)(8) states that a plan may "provide for the payment of all or part of a claim against the debtor of the estate or property of the debtor." Section 1325(a)(5)(C) provides that a debtor may surrender collateral securing a claim. Similarly, § 1329(a)(1) allows modifications that "reduce[] the amount of payments" to a class treated under the plan. 11 U.S.C. § 1329(a)(1). Each secured creditor under a Chapter 13 plan is placed in a class by itself. *Jones*, 538 B.R. at 849 (noting that each secured creditor constitutes a "class"). Finally, § 502(j) permits a Court to

5

reconsider an allowed or disallowed claim for "cause according to the equities of the case." 11 U.S.C. § 502(j). Cause is found when the collateral securing a claim is surrendered. *See Mellors*, 372 B.R. at 775 citing *In re Zieder*, 263 B.R. 114, 117 (Bankr. D.Ariz. 2001) (finding that surrender and liquidation of collateral is sufficient cause to reconsider a previously allowed secured claim).

EMA2 contends that modifications contemplating surrender and reclassification are prohibited under § 1325(a), and advances five reasons in support of this proposition: (1) § 1329(a) does not expressly allow the debtor to alter, reduce, or reclassify a previously allowed secured claim; (2) the proposed modification would violate § 1325(a)(5)(B); (3) the proposed modification would contravene § 1327(a); (4) allowing this type of modification would create an inequitable situation because secured creditors are not allowed to propose modifications under § 1329; and (5) the plain language of § 1329 allows modifications to payments, not to claims. *Nolan*, 232 F.3d at 532-35. The Court will address each of these arguments in turn.

### *(i)   Section 1329(a) permits a debtor to alter, reduce, or reclassify a previously allowed secured claim and § 502(j) provides broad authority.*

Section 1329(a)(1) allows for modifications that alter, reduce, or reclassify a previously allowed secured claim. These modifications are permissible because each secured claim is a unique class in Chapter 13 plans. Section 1329(a)(1) permits modifications to "payments on claims of a particular class provided for by the plan." Section 1329(a)(1) may not *expressly* allow the debtor to alter, reduce or reclassify a previously allowed secured claim. However, § 1329(a)(1) allows for a modification that alters payments made to whole classes of claims. Under a Chapter 13 plan, secured 910 Claims, like those of EMA2, are placed in a class by themselves. The phrase "particular claims," as used in § 1329(a)(1), is synonymous with "allowed secured claims" by virtue of being a class of claims unto themselves. Therefore, any modification to alter payments made to EMA2 is, in fact, a modification of treatment of a particular class.

This language is sufficient on its own to permit Debtor's proposed modification, but § 1329(a)(3) offers even more textual support. That section provides that distributions to a creditor treated under a

plan may be modified to account for payments made outside the plan. 11 U.S.C. § 1329(a)(3). The surrender of collateral is a form of payment. While the surrender was not originally contemplated by the confirmed plan, § 1329(a)(3) provides a mechanism to alter the secured claim and its treatment in light of this payment. *In re Scarver*, 555 B.R. at 835 (interpreting § 1329(a)(3)). Sections 1329(a)(1) and 1329(a)(3) thus provide independent support to permit modifications that attempt to surrender collateral and reclassify claims.

Finally, the authority to reclassify claims is found not only in § 1329(a)(1) and § 1329(a)(3), but also in § 502(j). *E.g.*, *In re Mellors*, 372 B.R. at 775, *In re Jones*, 538 B.R. at 851. Section 502(j) allows the Court to reconsider an allowed secured claim for "cause" and reconsider a claim "according the equities of the case." 11 U.S.C. § 502(j); *see Zieder*, 263 B.R. at 116-120. The Court therefore has discretion to reconsider and reclassify a secured claim when the collateral securing the claim has been surrendered to the creditor. *See In re Mellors*, 372 B.R. at 775 (citing seven bankruptcy courts granting surrender and reclassification modifications).

### *(ii) Proposed modification does not violate § 1325(a)(5)(B)*

§ 1325(a)(5)(B) does not operate to bar the proposed modification here. *In re Mellors*, 372 B.R. at 774. § 1329(b)(1) requires that modifications under § 1329(a) meet the standards for plan confirmation set out in 1325(a). 11 U.S.C. § 1329(b)(1). This makes practical sense, as the Code does not allow a debtor to do in a modified plan what she could not do first under a confirmed plan.

Under § 1325(a) a debtor enjoys three separate options regarding secured claims under a Chapter 13 plan. First, a debtor may do anything otherwise permitted under the Code, so long as creditors accept the plan. 11 U.S.C. § 1325(a)(5)(A). Second, a debtor may retain the collateral so long as certain conditions are met. 11 U.S.C. § 1325(a)(5)(B). Finally, a debtor may surrender the collateral to a secured creditor. § 1325(a)(5)(C). The Code's limiting effect on modification does not stop a debtor from proposing a modification that selects another § 1325(a) option, *so long as* that option would have been

available at the time the original plan was confirmed. Surrender of collateral would have been available to the debtor under § 1325(a)(5)(C).[4]

### *(iii) Proposed modification does not unfairly prejudice secured creditors*

The Code, while permitting debtors to modify confirmed Chapter 13 plans by surrendering and reclassifying 910 claims, adequately protects secured creditors. *See* 11 U.S.C. § 1325(a)(3). The "hanging paragraph" prevents a Chapter 13 debtor from bifurcating a secured creditor's claim in a recently-purchased vehicle (treating the claim as secured only up to the present value of the car, and relegating the remaining debt on the vehicle as unsecured) and cramming down a plan over objection. Rather, a debtor must treat the entire amount of that underlying debt as secured. Importantly, this is the case unless the debtor chooses to surrender the vehicle to the creditor under § 1325(a)(5)(C). In the event of surrender of collateral, the creditor is deemed to receive full payment of its secured claim, and any deficiency is treated as unsecured under the plan.

Absent surrender, a debtor may initially elect to retain the vehicle and commit to pay the full amount of the debt as a secured claim under a plan. *Nolan*, 232 F.3d at 533-34. At some later point, after the vehicle's value depreciates, the debtor may seek to return the car and reclassify the deficiency as an unsecured claim. *Id*. If the secured creditor incurs a loss due to the normal depreciation of the car, the creditor is harmed not because of inequities in the Code, but because it failed to object to a plan that did not adequately protect against depreciation. *Zieder*, 263 B.R. at 119. If there is excess depreciation due to some fault of the debtor (*e.g.*, failure to maintain the vehicle), then the creditor may object to the modification on the grounds that it was not proposed in good faith. *Id*. at 119.

---

[4] The proposed modification is likewise in harmony with § 1327(a). Section 1327(a) provides as follows:
> The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

11 U.S.C. § 1327(a). Orders confirming plans are thus final orders and bind both the debtor and creditors. This principle does not, however, mean that a debtor cannot modify a confirmed plan: to the contrary, the Code expressly provides for modification. As discussed above, the modification proposed here fits within the plain language of § 1329 and does not do violence to the Code's structure: a confirmed plan is binding, and a modified plan likewise is binding upon debtor and creditors.

## CONCLUSION

This Court finds that a debtor may propose a modification under § 1329(a) that surrenders collateral securing a 910 Claim and reclassifies any deficiency as unsecured. Section 1329(a)(3) allows for the surrender of the collateral as payment, § 1329(a)(1) allows that the class composed entirely of the secured claim be reduced, and § 502(j) provides the Court with discretion to reconsider and reclassify any deficiency as unsecured for cause. Any such modification must be proposed in good faith as required by § 1325(a)(3). A further evidentiary hearing in this matter will be required to determine whether the Debtor has proceeded in good faith.

Date: July 13, 2017

_____
Brendan Linehan Shannon
Chief United States Bankruptcy Judge